OPINION
{¶ 1} Defendant-appellant, Hureara L. Baker, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas, and from the trial court's determination that he should be classified as a habitual sex offender under R.C. Chapter 2950. For the following reasons, we affirm that judgment in part and reverse in part.
 {¶ 2} In February 1997, Lakisha Lee told her mother, Connie Williams, that appellant molested her. Appellant was Lakisha's stepfather at the time of the incident. When confronted by Williams, appellant admitted that he "went downstairs and heard Lakisha crying and went to comfort her, at that time we began kissing and I fondled her breast and put my hand down her pants touching her vagina." Appellant voluntarily went into a sexual abuse offender program and no criminal charges were filed as a result of this incident.
 {¶ 3} On November 27, 2002, appellant was indicted for four counts of gross sexual imposition in violation of R.C. 2907.05. Those charges arose from sexual contact appellant had with his stepdaughters, Latina, then age 12, and Lakisha, then age 13. Appellant entered guilty pleas to all four counts of gross sexual imposition. The trial court accepted appellant's guilty pleas and sentenced appellant to two-year prison terms for two of the gross sexual imposition counts and twelve-month prison terms for the other two counts. The trial court ordered the sentences served consecutively for a total prison term of six years. After a sexual predator hearing, the trial court decided that the state failed to prove by clear and convincing evidence that appellant was a sexual predator, but classified appellant as a habitual sex offender.
 {¶ 4} Appellant appeals, assigning the following errors:
Assignment of Error No. 1
The trial court erred in ordering that appellant be classified as a "habitual sex offender."
Assignment of Error No. 2
The trial court erred in imposing consecutive prison sentences upon appellant.
 {¶ 5} In his first assignment of error, appellant contends the trial court erred when it classified him as a habitual sex offender. The state concedes this error. We agree. R.C. 2950.01(B) defines a habitual sex offender as a person who is convicted of or pleads guilty to a sexually oriented offense and was previously convicted or pleaded guilty to one or more sexually oriented offenses. Appellant has not previously been convicted or pleaded guilty to any sexually oriented offenses and therefore does not, as a matter of law, meet the definition of a habitual sex offender. Although appellant could have faced criminal charges resulting from his improper sexual contact with Lakisha in 1997, he was not indicted on those charges. Because appellant has not previously been convicted or pleaded guilty to a sexually oriented offense, the trial court erred when it classified appellant as a habitual sex offender. However, because appellant committed a sexually oriented offense, appellant should be classified as a sexually oriented offender. R.C.2950.01(D); State v. Williams (2000), 88 Ohio St.3d 513, 519. Appellant's first assignment of error is sustained.
 {¶ 6} Appellant contends in his second assignment of error that the trial court improperly imposed consecutive sentences. We disagree. A trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings to impose consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12. A trial court is required to make these findings and give its reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20.
 {¶ 7} R.C. 2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of the following applies:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) * * * [T]he harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 8} The trial court complied with R.C. 2929.14(E)(4). At appellant's sentencing hearing, the trial court stated that consecutive sentences were necessary to protect the public from future crime and to punish the offender and that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. The trial court also found that the harm caused by two or more of the multiple offenses committed by appellant was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct and that appellant's history of criminal conduct demonstrates that consecutive sentences were necessary to protect the public from future crime by the offender.
 {¶ 9} The trial court also complied with R.C. 2929.19(B)(2)(c) when it stated its reasons for these findings. The trial court noted the position of authority and trust, especially as a church deacon, appellant held over his stepdaughters as well as the great harm appellant's conduct caused his stepdaughters. More significantly, the trial court noted that appellant could have faced similar criminal charges in 1997 when it was discovered that he improperly touched Lakisha. At that time, appellant's wife, Lakisha's mother, consented to appellant receiving sexual abuse counseling to avoid an indictment on those charges. Unfortunately, despite that counseling, appellant re-offended and improperly touched Latina. The trial court noted that appellant had the resources, education and knowledge to get help but made the wrong choices and re-offended. These reasons support the trial court's findings and justify consecutive sentences.
 {¶ 10} Accordingly, because the trial court made the findings required by R.C. 2929.14(E)(4) and stated its reasons for these findings, the trial court did not err in imposing consecutive sentences. Appellant's second assignment of error is overruled.
 {¶ 11} In conclusion, appellant's first assignment of error is sustained, and his second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part and the matter is remanded for the trial court to enter judgment classifying appellant as a sexually oriented offender.
Judgment affirmed in part, reversed in part and cause remanded with instructions.
Brown and Watson, JJ., concur.